UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO.  8:08-cr-157-T-23EAJ
             8:14-cv-1516-T-23EAJ

KEVIN LAVON ANDREWS
_____/

**O R D E R**

Andrews's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his convictions both for possession with the intent to distribute fifty grams or more of cocaine base and for possession of a firearm in furtherance of a drug-trafficking crime. In 2008 Andrews pleaded guilty with the benefit of a plea agreement and in 2009 he was sentenced to imprisonment for a total of 300 months. Andrews filed no appeal.

In his motion to vacate Andrews mistakenly believes that his career offender sentence is invalid under the retroactive application of *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013). Andrews cannot proceed with this action for three reasons: (1) Andrews waived his right to challenge the calculation of his sentence; (2) the motion to vacate is time-barred; and (3) *Descamps* is not afforded retroactive application.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'").

**Waiver:**

Andrews waived the right to challenge the calculation of his sentence when he "expressly waive[d] the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range . . . ." Plea Agreement (¶5 at 12, Doc. 27) The appeal waiver is routinely enforced. *See, e.g., United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993) ("We hold, therefore, that in most circumstances a defendant's knowing and voluntary waiver of the right to appeal his sentence will be enforced by

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

this circuit."), *cert. denied* 513 U.S. 1051 (1994); *United States v. Buchanan*, 131 F.3d 1005, 1009 (11th Cir. 1997) ("Notwithstanding Buchanan's explicit reservation of the right to argue his position about that issue at sentencing, a right that he exercised, the issue was not exempted from the appeal waiver. We enforce the appeal waiver according to its terms."); *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir.) ("An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error."), *cert. denied*, 544 U.S. 1041 (2005); *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005) ("[T]he right to appeal a sentence based on *Apprendi/Booker* grounds can be waived in a plea agreement. Broad waiver language covers those grounds of appeal."). As a consequence, Andrews waived his right to challenge the calculation of his sentence.

**Time-Bar:**

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Andrews's sentence became final in 2009, and his limitation expired one year later without a timely-filed Section 2255 motion to vacate. Andrews's motion to vacate, which he filed in 2014, is five years late. As a consequence, his motion to vacate is untimely under Section 2255(f)(1).

Andrews asserts entitlement to relief under Section 2255(f)(3), which establishes a limitation of one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Descamps* affords Andrews no new limitation even though he moves to vacate his sentence within one year of that decision. To qualify for another limitation under Section 2255(f)(3), the Supreme Court's decision must establish a new right. Notwithstanding Andrews's arguments to the contrary, *Descamps* did not establish a new right and courts have regularly rejected retroactively applying *Descamps*. *See, e.g., Nipper v. Warden, FCC-Coleman*, 597 Fed. App'x 581, 583 (11th Cir. 2015)[2] ("Neither the Supreme Court nor this Court has held that *Descamps* applies retroactively on collateral review. Beyond that, *Descamps* was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review."), *petition for cert. filed*, No. 14–9750 (May 13, 2015); *Wilson v. Warden, FCC-Coleman*, 581 Fed. App'x 750, 753 (11th Cir. 2014) ("The Supreme Court itself has not expressly declared *Descamps* to be retroactive to cases on collateral review. Moreover, *Descamps* was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review."). *See also Whittaker v.*

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

*Chandler*, 574 Fed. App'x 448 (5th Cir. 2014) (holding that *Descamps* entitles a petitioner no relief under Section 2241 and the "savings clause" of Section 2255), and *King v. United States*, ___ Fed. App'x ___, 2015 WL 1898394 (11th Cir. April 28, 2015) ("[N]either *Alleyne* nor *Descamps* apply retroactively on collateral review as required by § 2255(h)(2), and, thus, King's motion was not timely under § 2255(f)(3).").

**Career Offender Sentence:**

Andrews's career offender sentence is supported by his two prior convictions for the sale of cocaine in Florida.  Andrews contends (1) that the prior convictions cannot support a career offender sentence because the prior convictions did not require *mens rea* as an element of the offense under the Florida statutes and (2) that the lack of a *mens rea* element renders the convictions as "non-qualifying predicate offenses" under the federal controlled substance act for enhancement purposes. Although no *mens rea* requirement remains in Florida's offense of simple possession of a controlled substance, the *mens rea* requirement was not removed from all controlled substance offenses.  *Shelton v. Sec'y, Dep't of Corr.*, 691 F.3d 1348 (11th Cir. 2012) ("Florida's elimination of *mens rea* was only partial."), *cert. denied*, ___ U.S. ___, 133 S. Ct. 1856 (2013).  Neither of Andrews's prior convictions was for simple possession.  Andrews's prior convictions for the sale of cocaine require "knowing" as a element of each offense, as provided in Section 893.135(1)(b)(1), Fla. Stat. ("Any

person who knowingly sells . . . . or who is knowingly in actual or constructive possession . . . .").

Andrews's reliance on *Donawa v. United States Attorney General*, 735 F.3d 1275 (11th Cir. 2013), is also misplaced. Although *Donawa* holds that "possession of cannabis with the intent to sell or deliver" is not a "drug trafficking aggravated felony," *Donawa* is limited to the removal of an alien under the Immigration and Nationality Act. "Given that *Descamps* and *Donawa* address other federal statutes and do not address whether an offense under Florida Statutes § 893.13(1)(a) is a controlled substance offense under U.S.S.G. § 4B1.2(b), their holdings cannot establish plain error . . . ." *United States v. Burton*, 564 Fed. App'x 1017 (11th Cir. 2014). As a consequence, even if applied retroactively, neither *Descamps* nor *Donawa* support Andrews's challenge to his career offender sentence

Lastly, Andrews contends that his career offender sentence is a "fundamental miscarriage of justice." Andrews procedurally defaulted his claim because, as stated above, under the terms of the plea agreement Andrews waived any challenge to the determination of his sentence. Similarly, in rejecting a procedurally barred claim that could have been raised on direct appeal, *Bido v. United States*, 438 Fed. App'x 746, 748 (11th Cir. 2011), rejects an "actual innocence of sentence" argument and holds that "a petitioner's claim that a Sentencing Guideline provision was misapplied to him at sentencing is not a constitutional claim" that is reviewable under Section 2255. *See also Gilbert v. United States*, 640 F.3d 1293, 1322–23 (2011) (*en banc*), *cert.*

*denied*, ___ U.S. ___, 132 S. Ct. 1001 (2012), which rejects expanding "the *Sawyer [v. Whitley*, 505 U.S. 333 (1992)], actual innocence of sentence exception" beyond death penalty cases.

Accordingly, the motion under Section 2255 to vacate the sentence (Doc. 1) is **DISMISSED** as time-barred.  The clerk must close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Andrews is not entitled to a certificate of appealability ("COA").  A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a certificate of appealability, Andrews must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because his motion is time-barred and he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Andrews is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Andrews must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on June 25, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE